## IN THE SUPERIOR COURT OF GUAM

CARLINE BELLO BUKIKOSA AND BELLA
BELLO MARTINEZ,

               Plaintiffs,

vs.

BENNY BENAVENTE BELLO, JOSEPHINE
BELLO-DUENAS GEORGE BENAVENTE
BELLO, BELLO ENTERPRISES AND BELLO
FAMILY LLC, AND DOES 1 THROUGH V,

               Defendants.

Civil Case No. CV1172-19

**DECISION AND ORDER**

## I.    INTRODUCTION.

This matter is before the Honorable Michael J. Bordallo on Defendants Bello Enterprise and Bello Family, LLC's (collectively "Corporate Defendants") Motion to Dismiss. Attorney Jeffrey Cook represents Corporate Defendants. Attorney Gary Gumataotao represents Plaintiffs Carline Bello Bukikosa and Bella Bello Martinez ("Plaintiffs").

## II.    FACTS.

1. Plaintiffs are stockholders of both Corporate Defendants. Benny Bello, Josephine Bello-Duenas, and George B. Bello ("Individual Defendants") are stockholders as well as managers of both Corporate Defendants.

2. On October 27, 2016, Plaintiffs filed a civil complaint against Individual Defendants, initiating civil case CV0937-16. The Complaint, which alleged that Individual Defendants mismanaged Corporate Defendants, sought (1) an Order of Receivership requiring Individual Defendants to relinquish control of Corporate Defendants, (2) a full accounting of both Corporate Defendants, (3) compensatory damages, (4) extraordinary damages for fraud and oppressive conduct, and (5) costs and fees.

3. On March 28, 2018, the parties entered into a Stipulated Judgement in CV0937-16. The Stipulated Judgment provided that "[t]he parties shall agree on a Certified Public Accountant ("CPA") to review, evaluate and reconcile the books of both the Corporate Defendants, for the period from January 1, 2013 to the date of distribution." Mot. to Dismiss, Add. A, ¶ 5 (Oct. 28, 2019).

4. On October 3, 2019, Plaintiffs initiated the present action by filing their Complaint for Assault and Battery and to Compel Inspection of Books and Records and Set Aside Election of Directors. Plaintiffs' claims largely arise from (1) an annual meeting of stockholders alleged to have occurred on October 15, 2018, where Individual Defendants invalidly elected themselves as directors of Bello Enterprises and (2) an incident on April 26, 2019, where Plaintiffs were allegedly attempting to access the books and records of both Corporate Defendants but were physically assaulted by Individual Defendants. Plaintiffs are suing Individual Defendants and also Corporate Defendants, the latter under the theory of *respondeat superior*.

5. On October 28, 2019, Corporate Defendants filed their Motion to Dismiss seeking dismissal of all counts against Corporate Defendants. Plaintiffs filed their Opposition on November 25, 2019. Corporate Defendants filed their response on December 11, 2019.

### III. ISSUES.

1. Whether Plaintiffs have sufficiently pled *respondeat superior* despite failing to allege a specific factual basis for their allegation that Corporate Defendants ratified the intentional acts of Individual Defendants.

2. Whether Plaintiffs' cause of action for inspection of corporate books is a derivative action.

3. Whether Plaintiffs sufficiently pled "futility" in their derivative claim.

4. Whether Plaintiffs' claims have already been resolved via CV0937-16's Stipulated Judgment, and are therefore barred under the doctrines of collateral estoppel and *res judicata.*

### IV. PRINCIPLES OF LAW.

**A. Dismissal under Rule 12(b)(6).**

On a motion to dismiss for failure to state a claim, the Court must "construe the pleadings in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *Taitano v. Calvo Finance Corp.*, 2008 Guam 12 ¶ 9 (quoting *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9). "Dismissal for failure to state a claim is appropriate only if it appears beyond doubt that the non-moving party can prove no set of facts in support of his claim which would entitle him to relief." *Id.* (internal quotation and citations omitted). "A pleading which sets forth a claim for relief . . . shall contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." GRCP 8(a); *See also Ukau v. Wang*, 2016 Guam 26 ¶ 52. A claim may also be dismissed because it either asserts a non-cognizable legal theory or because it fails to allege sufficient facts to support a cognizable legal claim. *SmileCare Dental Group v. Delta Dental Plan of Cal., Inc.*, 88 F.3d 780, 783 (9th Cir.

1996). "In ruling on a 12(b)(6) motion, a court's consideration is limited to the complaint, written instruments attached to the complaint as exhibits, statements or documents incorporated into the complaint by reference, and documents on which the complaint heavily relies." *Newby v. Gov't of Guam*, 2010 Guam 4 ¶ 14. Courts, however, "may consider a document the authenticity of which is not contested, and upon which the plaintiff's complaint necessarily relies." *Id.* at ¶ 16.

**B. *Respondeat superior.***

Under Guam law, a principal may be held liable to third parties for its agent's actions that cause injury to a third party. Specifically, 18 GCA § 20309 provides that "a principal is responsible to third persons for the negligence of his agent in the transaction of the business of the agency, including wrongful acts committed by such agent in and as part of the transaction of such business, and for his willful omission to fulfill the obligations of the principal." 18 GCA § 20309. "A principal is responsible for no other wrongs committed by his agent than those mentioned in § 20309, unless he has authorized or ratified them, even though they are committed while the agent is engaged in his services." 18 GCA § 20310. The Guam Supreme Court has held that "[t]his provision has been held to be in accord with the letter and spirit of the common law doctrine of *respondeat superior* and to govern cases involving master and servant as well as principal and agent." *Fajardo ex rel. Fajardo v. Liberty House Guam*, 2000 Guam 4 ¶ 7 (internal citations omitted). However, the Guam Supreme Court further held that there are limits to the application of *respondeat superior*: "[I]f the agent commits an intentional tort, then the doctrine of respondeat superior will not hold the principal vicariously liable to the third party unless the principal had authorized or ratified the conduct." *Id.* ¶ 10.

## C.  Derivative actions.

A derivative action is brought by a shareholder to enforce a right of a corporation. *Dumaliang v. Silan*, 2000 Guam 24 ¶ 7. Guam Rule of Civil Procedure 23.1 sets forth the requirements a plaintiff shareholder must meet to seek relief by way of a derivative action. Rule 23.1 requires that a derivative complaint "allege with particularity the efforts, if any, made by the plaintiff to obtain the action he desires from the directors or comparable authority, and, if necessary, from the shareholders or members, and the reasons for the plaintiff's failure to obtain the action or for not making the effort." "Demand is excused because of futility when a complaint alleges with particularity that a majority of the board of directors is interested in the challenged transaction." *Bansbach v. Zinn*, 1 N.Y.3d 1, 9, 801 N.E.2d 395, 401 (2003).

The Supreme Court of Guam has differentiated between derivative suits, which seek to enforce a right of a corporation, and individual suits, which seek to enforce legal obligations of a board of directors. *Dumaliang*, 2000 Guam 24 ¶ 7 ("In the present case, the Members brought legal action not to enforce a right held by the [corporation], but to enforce a legal obligation imposed upon the [corporation] by express law . . ."). One legal obligation imposed upon a corporation is the obligation to keep books and records. "The record of all business transactions of the corporation and the minutes of any meeting shall be open to the inspection of any director, member, or stockholder of the corporation at reasonable hours." 18 GCA § 4201. Other jurisdictions have held that shareholder actions seeking access to corporate books and records are individual, rather than derivative, causes of action. "Other types of actions are frequently classified as those which are, per se, appropriate subjects for individual suits [as opposed to derivative suits]: . . . actions for the deprivation of voting rights or rights to examine corporate books and records." *C Plus Nw., Inc. v. DeGroot*, 534 F. Supp. 2d 937, 942 (S.D.

Iowa 2008). "[P]laintiff's allegation that he was deprived of his right to inspect the corporate books can support an individual action." *Dawson v. Dawson*, 645 S.W.2d 120, 125–26 (Mo. Ct. App. 1982).

### D. Collateral estoppel/*Res judicata*

Under the doctrine of collateral estoppel, "when an issue of ultimate fact has once been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit." *People v. San Nicolas*, 1999 Guam 19 ¶ 12. Whether the collateral estoppel doctrine applies depends on a three-part test:

> (1) An identification of the issues in the two actions for the purpose of determining whether the issues are sufficiently similar and sufficiently material in both actions to justify invoking the doctrine; (2) an examination of the record of the prior case to decide whether the issue was "litigated" in the first case; and (3) an examination of the record of the prior proceeding to ascertain whether the issue was necessarily decided in the first case.

*Id.* ¶ 13.

## V.     ANALYSIS

### A. *Respondeat Superior.*

First, Corporate Defendants argue that Counts 10 -16 and 21-27 should be dismissed because the doctrine of *respondeat superior* does not apply to holding corporations and LLC's liable for criminal or intentional torts committed by a company's agent. The causes of action in these Counts are Assault (Counts 10, 12, 21, 23), Assault and Battery (Counts 11, 22), and Intentional Infliction of Emotional Distress (Charges 13, 14, 15, 16, 24, 25, 26, 27). Plaintiffs do not dispute that these are intentional torts.

The Guam Supreme Court has held that a principle may be liable for intentional torts committed by its agents if the "principal [] authorized or ratified the conduct." *Fajardo*, 2000

Guam 4 ¶ 10. Corporate Defendants argue that they had no knowledge that Individual Defendants committed any intentional torts. Mot. to Dismiss at 3 (Oct. 28, 2019). Plaintiffs argue that the *Fajardo* opinion is irrelevant because it examined *respondeat superior* in the context of a Rule 56 motion for summary judgment as opposed to a Rule 12(b)(6) motion to dismiss. Opp'n at 3 (Nov. 25, 2019). The difference, according to Plaintiffs, is that a 12(b)(6) motion only tests the sufficiency of the Complaint, and that the Complaint did not need to include a factual allegation as to the issue of whether Corporate Defendants "authorized or ratified" the conduct in order to survive a 12(b)(6) challenge. *Id.*

The Complaint does not include any factual allegations regarding whether Corporate Defendants authorized or ratified the intentional acts of Individual Defendants as alleged in the *respondeat superior* claims, nor does the Complaint indicate that the nature of Individual Defendants' employment was such that its performance would reasonably put Corporate Defendants on notice that an intentional tort may follow.

However, Plaintiffs do not need to plead a specific factual basis in order to survive Corporate Defendants' motion for dismissal. Guam law requires only a short and plain statement of a claim. GRCP 8(a) Corporate Defendants have provided no legal authority to support their contention that a heightened pleading requirement is necessary for *respondeat superior* claims. The Court therefore holds that Plaintiffs have sufficiently pled *respondeat superior* and Corporate Defendants' motion is denied as to Counts 10-16 and 21-27.

**B. Derivative actions.**

1. Counts 32-33

Next, Corporate Defendants argue that Counts 32-33 pertaining to the inspection of the corporate books and records do not satisfy the requirements of a derivative action as set forth in

Guam Rule of Civil Procedure 23.1 because Plaintiffs pled futility without providing any factual allegations. Mot. to Dismiss at 3-4. Rule 23.1 requires that a derivative complaint "allege with particularity the efforts [made] to obtain the action he desires from the directors . . . and the reasons for the plaintiff's failure to obtain the action or for not making the effort."

The Complaint states that Plaintiffs "delivered their written demand to [Individual Defendants] to fully inspect all of the books and records of Bello Enterprises at reasonable hours" but that Individual Defendants assaulted them, preventing such inspection. Compl. ¶¶ 103-104, 109 (Oct. 3, 2019). The Complaint further states that it would be futile to demand the Board of Directors of Corporate Defendants to initiate legal action because Individual Defendants comprise the majority of the directors. *Id.* ¶¶ 105, 110.

Plaintiffs argue that a cause of action seeking access to books or records of a corporation is an action based on the statutory right of a shareholder and is therefore not a derivative action which must be pled pursuant to the requirements of Rule 23.1. Opp'n at 5. The Court's review of the case law on this subject reveals that lawsuits seeking access to corporate books and records generally proceed as individual lawsuits as opposed to derivative suits. *See, e.g. C Plus Nw., Inc.*, 534 F. Supp. 2d at 942; *Dawson*, 645 S.W.2d at 125–26. Corporate Defendants have failed to provide any legal authority to support their argument to the contrary. The Court therefore holds that Counts 32-33 are not derivative actions and Plaintiffs therefore were not required to plead futility pursuant to Rule 23.1.

2. Counts 35-38

Corporate Defendants also move to dismiss Counts 35-38 due to Plaintiffs' alleged failure to properly plead a derivative action. As a preliminary note, the Court notes that there are only thirty-seven (37) counts in the Complaint. Count 35 is titled "Damages to Bello

Enterprises" and claims that any or all of Individual Defendants' actions at the Bello Enterprises annual stockholder meeting were invalid, illegal, void, or voidable, and therefore directly or proximately caused damages to Bello Enterprises. Count 35 further states that it would be futile to demand the Board of Directors to initiate legal action against Individual Defendants because Individual Defendants comprise the majority of the directors of Bello Enterprises' Board.

As opposed to Counts 32 and 33, Count 35 is a derivative cause of action because it seeks to enforce a right of Bello Enterprises, *i.e.* the right to recover damages due to illegal actions by Individual Defendants which caused damage to Bello Enterprises. Plaintiffs must therefore meet the requirement of Rule 23.1 by alleging the efforts made to obtain the desired action from the directors and the reasons for the plaintiff's failure to obtain the action or for not making the effort. A review of the Complaint reveals that Plaintiffs have met this burden. Count 35 includes the following language:

> It would be futile for the Plaintiffs to demand that the Board of Directors of Bello Enterprises initiate legal action against Bello Enterprises or remove or initiate legal action against Benny, Josephine, or George, as a director, directors, officer, officers or otherwise because, based upon information and belief, Benny, Josephine, or George comprise the majority of the directors, and the Plaintiffs comprise the minority of the directors, of the Board of Directors of Bello Enterprises.

Given the nature of the conflict between Plaintiffs and Individual Defendants, it is apparent why Plaintiffs viewed any demand on the Board of Directors to be futile. The action sought by Plaintiffs is directly adverse to the interests of Individual Defendants, who control the Board of Directors. The Court therefore holds that Plaintiffs have adequately pled futility in Count 35.

Counts 36 and 37 seek reimbursement of legal expenses from Bello Enterprises and Bello LLC, respectively. These counts state that Corporate Defendants will benefit because

Plaintiffs' actions have "prevented or will prevent abuse to the rights or interests" of Corporate Defendants and that Corporate Defendants should therefore reimburse Plaintiffs for attorney fees and costs. The Court holds that Counts 36 and 37 are not derivative causes of action but are merely requests for attorney fees and costs associated with a derivative suit. These counts do not request any action to be taken by the Board and therefore Plaintiffs did not need to plead futility.

### C. Collateral estoppel/*Res judicata*

Lastly, Corporate Defendants argue that Counts 32 and 33 should be dismissed based on the doctrines of collateral estoppel and *res judicata*. Count 32 alleges that Plaintiffs delivered a written demand to inspect the corporate books of Bello Enterprises, but Individual Defendants physically prevented such inspection. Count 33 alleges the same facts but for the corporate books of Bello, LLC. Stipulated Judgment in CV0937-16 includes the following:

> The parties shall agree on a Certified Public Accountant ("CPA") to review, evaluate and reconcile the books of both the Corporate Defendants, for the period from January 1, 2013 to the date of distribution.

Mot. to Dismiss, Add. A, ¶ 5.

The agreement to allow a CPA to review the corporate books does not extinguish the Plaintiffs' statutory right to review the books and records of either Corporate Defendant. Corporate Defendants do not cite to any part of the Stipulated Judgment which indicates that Plaintiffs waived their statutory rights to inspect Corporate Defendants' books and records.

Regardless, the issue of whether Plaintiffs were denied access to corporate records on April 26, 2019, has never been litigated. Therefore, collateral estoppel and *res judicata* do not apply.

## VI.   CONCLUSION

Based on the forgoing, the Court **DENIES** Corporate Defendants' Motion to Dismiss.

SO ORDERED, this _13_ day of _Feb_ 2020.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
GUMATAOTAO
Cunliffe
Date: 2/13/20  Time: 11AM

Deputy Clerk, Superior Court of Guam

SERVICE VIA COURT BOX

I acknowledge that a copy of the original hereto was placed in the court box of:
Torres, Visosky
Berman
Date: 2/13/20  Time: 11AM

Deputy Clerk, Superior Court of Guam